## MOON v STATE

Ohio Appeals, 1st Dist, Clinton Co
Decided November 21, 1930

Harry S. Pulse, Lynchburg, and Smith, Rogers & Smith, for Moon.

C. Luther Swain, Prosecuting Attorney, Wilmington, for State.

HAMILTON, J.

The specifications of error require a construction of the two sections referred to, and will be considered in the order named.

The pertinent part of §13442-9 GC, is as follows:

"* * * The court must state to the jury that in determining the question of guilt, it must not consider the punishment, but that punishment rests with the judge, as may be provided by law, except in cases of murder in the first degree or burglary of an inhabited dwelling."

The trial court failed to give this charge to the jury, and plaintiff in error claims that the giving of this charge is mandatory on the court, and the failure to so charge constituted prejudicial error.

The state contends that if such charge is mandatory, it was waived by the failure of the plaintiff in error to call the court's attention to the omission to give it.

The failure to give this charge has not been before the courts in so far as we are able to find, except that part applying to first degree murder cases. In other words, while the exception in the statute has been before the courts on review, the remainder of the provision has not. However, in two cases in the courts of appeals of the state §13442-9 and §13442-3 GC, have been before the courts and their decisions throw some light, by inference, on the construction those courts felt should be given to the statute.

In the case of Dull v State of Ohio, 32 O. L. R., 358, 36 Oh Ap 195, the point of error was made that the trial court did not charge the jury "it must not consider the punishment but that punishment rests with the judge." The court observed in passing on this question as follows:

"This is a first degree murder case and manifestly this claim of error, by the very terms of the statute, is not well taken."

The converse of this proposition would be: That were first degree murder cases not excepted under the terms of the statute, the omission to so charge would be error. In other words, the statute makes it mandatory to give the charge, or not give it, in accordance therewith.

In the case of Ward v State, decided April 3, 1930, by the Mahoning County Court of Appeals, the court considered §13442-3, GC, in which "reasonable doubt" is defined by the statute. The section provides that the court shall "read the foregoing definition of reasonable doubt." Judge Roberts, after citing authorities, states in his opinion:

"These authorities lead us to the conclusion that it is the mandatory duty of a trial court to comply with the provisions of the statute in the respect complained of, and that it is immaterial whether it was a substantial compliance in form or not, because a duty is enjoined upon the trial court to read the definition of reasonable doubt which has been provided by the legislature. That the legislature had a right to so provide is not denied in argument or brief in this case and therefore we find that there was prejudicial error in the trial in this respect."

The sections under consideration are in the same chapter under the heading of "Trial."

Sec 13442-3 states: "* * * the court shall * * * read the foregoing definition of reasonable doubt."

Sec 13442-9 provides: "The court must state to the jury that in determining the question of guilt, it must not consider punishment but that punishment rests with the judge * * *."

The provision of the latter section is more emphatic, if possible, as to the duty of the court to give this charge to the jury than in the reasonable doubt section. Silsby et al v State, 119 Oh St, 314, is further supporting authority to the effect that the statute in question is mandatory, and that

all reasonable doubts concerning statutory procedure relative to the trial of accused persons should be resolved in their favor.

It is suggested by counsel for the state that the failure to give this charge was an omission, and the duty rested upon counsel to call the court's attention to the omission, and that by not doing so, the error was waived. We cannot subscribe to this proposition. The court is required to charge the jury on the law as applicable to the case. The statute required the court to state to the jury the provision in question. Counsel for Moon reserved exceptions to the charge of the court. The duty devolved upon the court to give the charge, and not upon counsel to call the court's attention to the omission. The requirements being mandatory, the omission constituted prejudicial error, and requires a reversal of the judgment in this case.

The second question concerns the interpretation of §12912, GC. It is contended on this point that the failure on the part of the state to show "profits" in the "contract, job, work or services" was fatal to a conviction, and would require a reversal.

It appears that the state undertook to prove profits from the "contract, job, work or services," accruing to the plaintiff in error, trustee. This evidence was excluded by the trial court upon the objection of counsel for defendant, plaintiff in error here. Under our construction of this statute, this was error on the part of the court, of which plaintiff in error could not complain, and except for the failure of the court to charge, as hereinbefore found, no reversal could be based upon this, since it was an error created by the defendant below. In view of the fact that this case will have to be retried, because of the failure to charge as herein indicated, we shall construe the statute for the guidance of the court.

We have not been able to find any direct authority to aid us in construing the word "profit" as used in this section of the statute. The section provides: "a trustee" who "is interested in the profits of a contract, job, etc. * * * shall be fined." If it were not necessary to prove "profits," then the term "profits" should have been omitted from the statute, and the section would read: "Whoever, being * * * the trustee of a township is interested in a contract job, work or services, etc." We must give the words of the section full effect, if possible. We, therefore, find that the word "profits" is a limitation on the word "interested" and can not be disregarded. To do so would read out of the statute the word "profits."

It is a matter of common knowledge that township trustees in the faithful discharge of their duties frequently do some personal work on, or give emergency attention to the township roads. To give the statute the effect sought by the state, this would constitute a criminal offense punishable as provided in the statute.

We are of opinion that the Legislature only intended, in the section under which the conviction was had, to make it an offense to share in the profits over cash resulting from a contract, job, or services.

The trial court took the view, and so charged the jury that the word "profits" meant to be interested in the moneys paid by the trustees for such work; that the hauling was done in the township, paid for with township funds, and that the defendant was interested in the funds resulting from such hauling. Under our view of a fair construction of this section of the statute, §12912 GC, this charge was erroneous, and the trial court should have permitted the state to show that in the job or work done there was a profit over cash resulting to the trustee before a conviction could be had in this case.

The judgment will be reversed, and the cause will be remanded for a new trial.

CUSHING, PJ, and ROSS, J, concur.